## Staunton

### B. Harrison Walker, Jr. v. G. Edmond Massie, Chairman, State Compensation Board, Et Al.

September 8, 1961.

Record No. 5292.

Present, All the Justices.

*W. Robert Phelps, Jr.*, for the petitioner.

*Harry L. Nachman, City Attorney (Frederick T. Gray, Attorney General; Kenneth C. Patty, Assistant Attorney General; Francis C. Lee, Assistant Attorney General*, on brief), for the respondents.

Spratley, J., delivered the opinion of the court.

This is a proceeding instituted by B. Harrison Walker, Jr., praying this Court to issue a writ of mandamus compelling G. Edmond Massie, Chairman of the State Compensation Board, E. B. Pendleton, Jr., Treasurer of the Commonwealth of Virginia, Samuel Hoyle, Director of Finance of the City of Newport News, Virginia, and C. B. Covington, Jr., Treasurer of the City of Newport News, Virginia, hereinafter referred to as respondents, to pay to him the salary alleged to be due him from the Commonwealth of Virginia and the former city of Warwick as sergeant of the city of Warwick. He alleged that he had been duly elected to that office for a four-year term beginning on January 1, 1956; that he had been unlawfully removed therefrom on July 1, 1958, when the former cities of Newport News and Warwick were consolidated into the new city of Newport News; that he had made demand upon the Commonwealth of Virginia and the city of Warwick for the payment of salary from July 1, 1958, to December 31, 1959; and that payment had been refused.

Demurrers and motions to dismiss were filed by each of the above respondents. The demurrers were based on the ground that the General Assembly had the power to terminate the office of a city sergeant when cities consolidated in conformity with the statutes of Virginia. The motion to dismiss alleged that mandamus was not a proper remedy in the premises.

Upon motion of petitioner, Sidney C. Day, Jr., Comptroller of the Commonwealth, was made a party respondent. Thereafter Day filed a motion to dismiss on the ground assigned by his fellow respondents, and on the further ground that exclusive jurisdiction of the action against him was vested in the Circuit Court of the City of Richmond. There was an agreed stipulation of facts by the parties, and the case was submitted upon the pleadings and the stipulation of facts.

B. Harrison Walker, Jr., was duly elected and qualified as sergeant for the former city of Warwick for a term of four years beginning on January 1, 1956. On May 15, 1957, the former cities of Warwick and Newport News entered into a consolidation agreement pursuant to and in conformity with Article 4, Chapter 9, Title 15, Code of Virginia, 1950, as amended. Pursuant to that agreement, the subject matter thereof was submitted to the qualified voters of each of the said cities at an election held in each of the cities on July 16, 1957. The majority of the qualified voters of each of the cities approved the consolidation agreement and the consolidated city charter, to become effective July 1, 1958.

By an Act of the General Assembly, Chapter 141, Acts 1958, approved March 3, 1958, the above consolidation was validated, ratified and confirmed, and the charters of the former cities of Warwick and Newport News repealed, effective as of July 1, 1958. On the latter date, the government of each of the two former cities ceased to exist and the territory of those two cities became consolidated, and included in a single city, the new city of Newport News.

Pursuant to the consolidation agreement between the two former cities, to subsection 8 of § 15-222.3 of Code of 1950, as amended, and to § 27.04 of Chapter 141, Acts of Assembly, 1958, an election was held in April, 1958, for the offices of a city sergeant, a city treasurer, a commissioner of the revenue, and a Commonwealth's attorney for the consolidated city of Newport News, and new officers were elected to those offices. Petitioner was a candidate for the office of city sergeant, and was defeated.

Walker has rendered no service as sergeant either to the former city of Warwick or to the consolidated city of Newport News since July 1, 1958, and has received no compensation as such since the last mentioned date; although he alleges that he has held himself ready, willing and able to perform the duties of the office of sergeant of the city of Warwick from July 1, 1958, to the expiration of the term for which he had been elected.

The consolidation agreement provided that:

"(9) There shall be a new election of officers for the Consolidated City, as provided in the hereinafter mentioned Charter, whose elections and qualifications shall terminate the terms of office of their predecessors in the Cities of Warwick and Newport News, and shall terminate their predecessors' rights, powers, duties and compensation of said offices."

The above provision as to termination of the offices is similar to subsection 8 of § 15-222.3 of Article 4, Chapter 9, Title 15 of the Code and to § 27.04 of Chapter 141, Acts 1958.

It is not questioned that the consolidation of the two former cities was effected, and the election of new officers for the consolidated city was held, in conformity with the provisions of Article 4, Chapter 9, Title 15, Code of Virginia, 1950, as amended.

It is the contention of Walker that since he was a constitutional officer, the legislature was without power to enact legislation authorizing the curtailment of the term of office to which he had been elected. This is the controlling question, and once it has been determined con-

trary to petitioner's contention, all other matters become immaterial.

The real purpose of the proceeding was to enforce the payment of the salary claimed by petitioner. His petition, which set out the material facts recited in the stipulation of facts, was sufficient, we think, to justify a proceeding in mandamus as offering the only simple, adequate and complete remedy available under the circumstances, if petitioner was entitled to the relief claimed. Cf. *Blair, Attorney General* v. *Marye, Auditor*, 80 Va. 485; *Richmond-Greyhound Lines* v. *Davis*, 200 Va. 147, 104 S. E. 2d 813; 12 Michie Jur., Mandamus, § 3, page 336.

Public offices are not held by grant or contract; but are created by the law-making power, and no person has a vested right in them. The governmental authority which possesses the power to create an office has, in the absence of some restriction imposed by a higher authority, the implied power to abolish such office, or to consolidate two or more offices which it has created. However, an office which has been created by the Constitution may not be abolished by an act of the legislature, except as permitted by the Constitution itself. 67 C. J. S., Officers, § 10, page 120.

Section 120 of the Constitution of Virginia provides, in part, that in every city there shall be elected for a term of four years, one city sergeant, whose duties shall be prescribed by law. This section should be read in conjunction with sections 63, 64 and 117 of the Constitution.

Section 63 expressly provides that:

"* * * The omission in this Constitution of specific grants of authority heretofore conferred shall not be construed to deprive the General Assembly of such authority, or to indicate a change of policy in reference thereto, unless such purpose plainly appear."

Section 64 empowers the General Assembly to enact general laws in cases mentioned in the preceding section, and wherever general laws will apply.

Section 117 of the Constitution authorizes the General Assembly to enact general laws for the government of cities and towns. Among its provisions is subsection (d), which reads as follows:

"Any laws or charters enacted pursuant to the provisions of this section shall be subject to the provisions of this Constitution relating expressly to judges and clerks of courts, attorneys for the Commonwealth, commissioners of revenue, city treasurers and city sergeants."

Subsection (d) read in connection with the context of the entire section merely requires that the General Assembly in enacting any

law or charter for the organization and government of cities and towns must recognize the provisions of the Constitution with respect to the specific officers named.

Nowhere in any of the above sections of the Constitution is there any limitation on the power of the General Assembly to enact statutes providing for the consolidation of cities and towns.

In pursuance of the authority vested in it by § 117 of the Constitution, the General Assembly enacted Article 4, Chapter 9, Title 15, Code of Virginia, 1950, sections 15-220 to 15-231.3, inclusive, as amended, a general law, specifically providing for the consolidation of certain counties, cities and towns under the conditions prescribed. There is no distinction between the authority to provide for consolidation of counties, cities and towns and the authority given to provide for a change in the form of their organization and government. The affected counties, cities and towns have the right to choose the form desired.

In *City of Roanoke* v. *Elliott*, 123 Va. 393, 96 S. E. 819; *Harrison* v. *Barksdale*, 127 Va. 180, 102 S. E. 789; and *Albemarle Oil & Gas Co.* v. *Morris*, 138 Va. 1, 121 S. E. 60, we held that the legislature had the power to provide a method for a change in the form of organization and government for cities, even though the result of such change was to curtail the terms of city officers, which were fixed by the Constitution.

In *Lipscomb* v. *Nuckols*, 161 Va. 936, 172 S. E. 886, there was a change in the form of county government, as a result of which the old legislative body of the county called the "board of supervisors" was abolished and a new legislative body called the "county board of supervisors" was created. Members of the old "board of supervisors" challenged the power of the legislature to authorize the abolition of their office. In denying their contention, we said that the language of § 110 of the Constitution authorizing the legislature to provide for a change in the form of the organization and government of counties was similar to the language of § 117 authorizing such a change in cities and towns, and that the legislature had the same power under § 110 to change the form of county government as it had under § 117 to change the form of government for cities, accepting our former decisions as authority therefor. (161 Va., at page 947)

We then said:

"The power to provide for a complete change in the form of county organization and government includes the power to abolish the old form and all offices thereunder. The incidental effect may be

to oust or deprive the old officers of their offices before the expiration of their terms. When these officers accepted their respective offices they did so with the knowledge that the Constitution had authorized the legislature to provide a method by which the electors of the county might change their form of government and abolish the office to which they had been elected. Both the legislature and the electors of Henrico county have acted under this constitutional authority and have deprived the appellees here of office." (161 Va., at page 948)

In *Haden* v. *Hamm*, 161 Va. 934, 172 S. E. 891, decided on the same day as *Lipscomb* v. *Nuckols, supra,* we upheld the termination of the office of an incumbent treasurer before the expiration of his term fixed by the Constitution, after a majority of the voters of the county had voted to change the existing form of county government to the county executive form.

We hold that under § 117 of the Constitution, the General Assembly had authority to enact subsection 8 of § 15-222.3 of Article 4, Chapter 9, Title 15 of the Code of 1950, which provides, "That in the event of establishment of a consolidated city, there shall be a new election of officers therefor whose election and qualification shall terminate the terms of office of their predecessors; * * *."

The former city of Warwick is no longer in existence. It was not entitled to a city sergeant after July 1, 1958. The charter of the consolidated city of Newport News makes provision for a city sergeant, in accordance with subsection (d) of § 117 of the Constitution, and a city sergeant has been duly elected. Since any public office is the creation of some law, it continues only so long as the law to which it owes its existence remains in force, and when such law is authoritatively abrogated, the office ceases, unless perpetuated by some other legal provision.

The constitutional provision for a city sergeant applies only when and where there is a city. When a charter of a city is repealed, and it is no longer a city, there is no such office as sergeant for such city. When the city of Warwick ceased to exist, all of its offices fell.

For the reasons stated, the writ of mandamus is denied, and the petition, therefore, dismissed.

*Mandamus denied.*